Kevin P. Roddy, Esq.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Dr., Suite 900
Woodbridge, NJ  07095
Telephone:  (732) 636-8000
Facsimile:   (732) 726-6686
Email: kroddy@wilentz.com


William W. Palmer, Esq. (SBN 146404)
(*Pro Hac Vice Counsel*)
PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761
Facsimile:  (916) 972-0877
wpalmer@palmercorp.com

Jonathan S. Massey
Bret R. Vallacher
Matthew E. Layden
(*Pro Hac Vice Counsel*)
MASSEY & GAIL LLP
1000 Maine Ave. SW
Suite 450
Washington, D.C. 20024
Telephone: (202) 650-5452
Facsimile: (312) 379-0467
jmassey@masseygail.com
bvallacher@masseygail.com
mlayden@masseygail.com

*Attorneys for Plaintiff Vial and proposed Class Members*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIME VIAL, as representative of the heirs of Rene Correa Borquez and on behalf of other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH MAHER MUOIO, in her official capacity as TREASURER OF THE STATE OF NEW JERSEY; STEVEN HARRIS, in his official capacity as ADMINISTRATOR OF THE STATE OF NEW JERSEY UNCLAIMED PROPERTY ADMINISTRATION; and KELMAR ASSOCIATES, LLC, <br><br> Defendants. | Case No.:  3:24-cv-11301 <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

The Court, having considered the motion of Plaintiff Jaime Vial for a temporary restraining order and a preliminary injunction, any briefs filed in support and opposition, argument of counsel, and the full record of this case, hereby orders as follows:

For good cause shown, Plaintiff's motion for a temporary restraining order and a preliminary injunction is GRANTED.

It is hereby ORDERED that:

(i) It is declared that Defendants' enforcement and administration of the New Jersey Uniform Unclaimed Property Act, N.J. Stat. Ann. § 46:30B-1 et seq. ("NJUPA"), against Plaintiff and the Class Members violate the Fifth and Fourteenth Amendments of the United States Constitution;

(ii) Defendants are enjoined from enforcing or administering the NJUPA unconstitutionally against Plaintiff and Class Members;

(iii) enjoining Defendants from selling or disposing of property already seized under the NJUPA or held by private auditors and holders under their direction and control;

(iv) Defendants are required to identify class members potentially entitled to individualized relief; and

(v) Defendants are required to return the property belonging to each Plaintiff and Class Member or otherwise put them in the same position monetarily as they would have occupied if the property had not been seized and taken, with interest and with compensation for any appreciation in the value of the property since its seizure.

Dated: February 3, 2025

_____
Hon. Robert Kirsch, U.S.D.J.