

**KEVIN P. RODDY, ESQ.**

T:  732.855.6402
F:  732.726.6686
kroddy@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

August 28, 2025

<u>**VIA NEXTGEN**</u>

Hon. Judge Robert Kirsch, U.S.D.J.
United States District Court of New Jersey
402 East State Street
Trenton, NJ 08608

   Re: *Vial v. Muoio, et al.*, U.S. District Court District of New Jersey Case No.: 3:24-cv-11301-
     RK-JBD (D.N.J.) - Plaintiff's Notice of Subsequent Authority

Dear Hon. Judge Kirsch:

  Plaintiff files this Notice of Subsequent Authority to alert this Court to two recent published decisions that support Plaintiff's position in this action. *See Garza v. Woods*, No. 24-1064, 2025 WL 2435221 (9th Cir. Aug. 25, 2025) ("*Garza*") and *Mousseau v. Crum*, No. 24-1802, 2025 WL 2437230 (9th Cir. August 25, 2025)("*Mousseau*"). In fact, Defendants rely on the lower district court's decision in *Garza v. Woods*, 2023 U.S. Dist. LEXIS 153721 (D. Ariz. Aug. 30, 2023) at page 12 of their Reply Brief in Support of their Motion to Dismiss [Dkt No. 51]. But the 9th Circuit *Garza* Panel reversed the lower court's decision, which is no longer good law. In its published decision, the *Garza* Panel held: "To accept Defendants' argument would turn the analysis into a circular mess. Plaintiffs would be required to allege a deprivation of their property interest in preventing a deprivation of their property. Unsurprisingly, Defendants cite no caselaw supporting this approach." *Id.*, at pp. 16-17.

  The second new case is *Mousseau* where the 9th Circuit held: "And consistent with Garza, we conclude that Plaintiffs have standing to assert their takings and due process claims, that Defendants are not protected by sovereign immunity as to these claims, and that Plaintiffs stated a viable due process claim but not a takings claim."

#95500465.1

Wilentz, Goldman & Spitzer, P.A.  Woodbridge | New York | Philadelphia | Red Bank | Perth Amboy  www.wilentz .com

August 28, 2025
Page 2

      Finally, although not subsequent authority, Plaintiff respectfully alerts this Court to the timing of another action. Counsel in this case have filed a Petition for Certiorari to the Supreme Court of the United States captioned *Peters v. Cohen*, U.S. Supreme Court Docket No. 25-4. The Petition is supported by three *Amicus Curiae* briefs and will be conferenced by the Supreme Court on September 29, 2025.

      Respectfully submitted,

      WILENTZ, GOLDMAN & SPITZER, P.A.

      */s/ Kevin P. Roddy*

      Kevin P. Roddy

cc:    Counsel of Record – via ECF
       Clients

#95500465.1